# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 31, 2020

Lyle W. Cayce
Clerk

No. 20-60301
Summary Calendar

Felicia Robinson,

*Plaintiff—Appellant*,

*versus*

Webster County, Mississippi; Webster County Sheriff's
Department; Tim Mitchell, in his official capacity;
Tim Mitchell, in his individual capacity; Santana
Townsend,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:19-CV-121

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

Felicia Robinson appeals the district court's Rule 12(c) dismissal of
her 42 U.S.C. § 1983 claims premised on alleged Fourteenth Amendment

---

* Pursuant to 5th Circuit Rule 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5th Circuit Rule 47.5.4.

violations.  She also challenges the district court's denial of her motion to strike various Webster County defenses, premised on judicial estoppel.  We agree with the district court and affirm.

While the relevant precedent is clear and requires our affirmance, we acknowledge that the facts of this matter, as alleged by Robinson, are unsettling.  According to Robinson's complaint, Webster County Sheriff Tim Mitchell released Daren Patterson from jail for a weekend furlough.  Sheriff Mitchell allowed the release despite knowing Patterson's propensity for violence, particularly towards Robinson, his wife.  The night of his release, Patterson verbally and physically abused Robinson while at Robinson's home.  Around 9:23 p.m., Robinson called Santana Townsend, a Webster County Sheriff's Department dispatcher, for help.  Because Robinson is related to Townsend, she called Townsend's personal cell phone rather than 9-1-1 or the sheriff's department.

Despite Robinson's request for help, Townsend did not send a deputy to Robinson's home to retrieve Patterson.  Instead, Townsend gave the phone to another prison trusty to speak to Patterson.  After the call, Patterson became angrier.  Around midnight, Patterson attacked Robinson, punching her repeatedly until she blacked out.  Patterson then poured "Liquid Fire" drain cleaner over Robinson's nearly naked body, resulting in severe burns.  Robinson escaped and drove to the hospital where she received extensive medical treatment before being transferred to a burn center.  Patterson returned to the Webster County Jail.

As a result of these events, Robinson filed this action against Webster County, the Webster County Sheriff's Department, Sheriff Mitchell (in his individual and official capacity), Dispatcher Townsend (in her official capacity), and Patterson.  In her complaint, Robinson asserted eighteen counts, including various § 1983 and state law claims.  Patterson did not file

No. 20-60301

a responsive pleading, and the clerk entered default against him.  The remaining parties filed answers and affirmative defenses.

Sheriff Mitchell (in his official capacity), Dispatcher Townsend, the Webster County Sheriff's Department, and Webster County also moved jointly for judgment on the pleadings, contending Mitchell and Townsend should be dismissed as duplicate official-capacity defendants.  The Webster County Sheriff's Department filed a second motion for judgment on the pleadings, contending it should be dismissed as an improper defendant not amenable to suit.  Webster County also filed a second motion for judgment on the pleadings, contending Robinson's claims against it failed as a matter of law.  Sheriff Mitchell (in his individual capacity) moved for judgment on the pleadings, asserting qualified immunity.  Finally, Robinson moved to strike various defenses presented by Webster County, including that Patterson was not in its custody at the time of the subject incident.

The district court addressed the parties' motions in a single order and memorandum opinion.  In its order and opinion, the district court denied Robinson's motion to strike and granted dismissal to all parties except Patterson.  The district court agreed that Robinson's claims against Sheriff Mitchell (in his official capacity) and Dispatcher Townsend were duplicative of Robinson's claims against Webster County.  The court also agreed that the Webster County Sheriff's Department lacked the capacity to be sued.  The court ultimately concluded that each of Robinson's § 1983 claims failed as a matter of law.  Having determined that Robinson's federal claims failed as a matter of law, the court declined to retain supplemental jurisdiction over Robinson's state law claims.[1]

---

[1] Dispatcher Townsend also filed a pro se Answer and Counterclaim, and Robinson filed a motion for judgment on the pleadings as to Dispatcher Townsend's counterclaim.

No. 20-60301

On appeal, Robinson asserts the district court erred (1) by finding defendants did not have a special relationship with Robinson for purposes of § 1983, (2) by declining to apply the state-created danger theory, and (3) by declining to apply the doctrine of judicial estoppel as requested in Robinson's motion to strike. Robinson also contends that the district court should retain supplemental jurisdiction over Robinson's state law claims if this action is remanded.

We review de novo a district court's grant of a Rule 12(c) motion. *Machete Prods., LLC v. Page*, 809 F.3d 281, 287 (5th Cir. 2015). "A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Id*. (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). The standard for Rule 12(c) and Rule 12(b)(6) motions is the same. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209–210 (5th Cir. 2010). That is, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 210 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Otherwise, the complaint warrants dismissal. "In deciding whether the complaint states a valid claim for relief, we accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id*. (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).

To state a valid claim for relief under § 1983, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a

---

The district court dismissed Robinson's motion without prejudice when it declined to exercise supplemental jurisdiction over the remaining state law claims.

person acting under color of state law." *James v. Texas Collin County*, 535 F. 3d 365, 373 (5th Cir. 2008) (internal quotation marks and citation omitted). As this Court has previously recognized, "[t]he right to be protected by the state from private violence is limited and rests on substantive due process." *Doe v. Columbia-Brazoria Indep. Sch. Dist.*, 855 F.3d 681, 688 (5th Cir. 2017) (citation omitted). As a general rule, a state's "failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989). But there is an exception to this rule, which applies when the state—or in this case, the county—creates a "special relationship" with a citizen, requiring it to protect that citizen from harm. *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 855–56 (5th Cir. 2012) (en banc). Several other circuits have also adopted a second exception known as the "state-created danger" theory, applicable when the state affirmatively created or exacerbated a dangerous situation that led to a person's injury. *See Kovacic v. Villarreal*, 628 F.3d 209, 214 (5th Cir. 2010). But this Court has declined to join our sister circuits in recognizing that theory on several occasions.[2] *See, e.g.*, *Keller v. Fleming*, 952 F.3d 216, 226–27 (5th Cir. 2020); *Columbia-Brazoria*, 855 F.3d at 688; *Covington*, 675 F.3d at 865; *Kovacic*, 628 F.3d at 214.

Here, Robinson's claims are premised on an act of private violence. She contends that Webster County, via Sheriff Mitchell, violated her Fourteenth Amendment due process rights by releasing Patterson from jail and permitting him to terrorize her. While Robinson recognizes that under

---

[2] "Although we have not recognized the [state-created danger] theory, we have stated the elements that such a cause of action would require[:] . . . '[1] the defendants used their authority to create a dangerous environment for the plaintiff and [2] that the defendants acted with deliberate indifference to the plight of the plaintiff.'" *Covington*, 675 F.3d at 865 (quoting *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 537–38 (5th Cir. 2003)).

the general rule the county is not liable for Patterson's violent acts against her, Robinson contends that the district court erred by (1) finding Webster County did not have a special relationship with her and (2) declining to apply the state-created danger theory. Based on our precedent, we must disagree.

Robinson first asserts that she has a special relationship with the county because the county effectively limited her liberty by releasing Patterson from jail. But this does not suffice to create a special relationship between Robinson and the county. Under the special relationship theory, "[t]he affirmative duty to protect arises not from the [s]tate's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation which it has imposed on his freedom to act on his own behalf." *DeShaney*, 489 U.S. at 200. In her complaint, Robinson does not allege that the county restricted her ability to act on her own behalf. It follows that the district court correctly concluded that the special relationship theory does not apply here.

Robinson next asserts the district court should have applied the state-created danger theory. As Robinson recognizes, however, this Court has "'repeatedly noted' the unavailability of the [state-created danger] theory in this circuit." *Columbia-Brazoria*, 855 F.3d at 688 (citation omitted). The district court correctly declined to stray from circuit precedent. And we decline as well. *See In re Hidalgo Cnty. Emergency Serv. Found.*, 962 F.3d 838, 841 (5th Cir. 2020).

Accordingly, Robinson's § 1983 claims fail as a matter of law, and the district court correctly dismissed them. *See DeShaney*, 489 U.S. at 197. We do not address the district court's denial of Robinson's motion to strike because the dismissal of her claims renders it moot. Likewise, we do not address the district court's decision not to retain supplemental jurisdiction

No. 20-60301

over Robinson's remaining state law claims because Robinson premised that request on this action being remanded.

AFFIRMED.